# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ODIS DAVID SMITH #82469 | CIVIL ACTION |
| versus | NO. 07-5567 |
| WARDEN JIM ROGERS | SECTION: R/6 |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. For the reasons that follow, it is recommended that C.A. No. 07-5567 be dismissed as repetitious and duplicative of claims previously brought by this petitioner in C.A. No. 06-1421("R")(6). Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).

## I. Procedural Background and Standard of Review

Petitioner, Odis David Smith, filed this Petition for Writ of Habeas Corpus challenging the constitutionality of his confinement pursuant to 28 U.S.C. § 2254. He is incarcerated at the Washington Correctional Center at Angie, Louisiana, currently serving an eight year sentence pursuant to his conviction in the 24th Judicial District

Court ("JDC") for Jefferson Parish. Upon his release in 2009, he will begin serving consecutive ten year sentences pursuant to two separate state court judgments in the 22nd JDC of St. Tammany Parish: (1) a verdict of guilty after a trial by a jury on October 29, 2002, as to one count of simple escape and one count of aggravated flight in docket number 334157, and sentence on a multiple bill on August 8, 2003; and (2) a plea of guilty on May 13, 2004, in docket numbers 334156 and 333759, to a 4th offense driving while intoxicated ("DWI") in violation of La.R.S. 14:98[1]. This federal habeas petition addresses these two convictions in the 22nd JDC. The state record consists of three volumes with unnumbered pages.

Petitioner filed this Petition for Writ of Habeas Corpus on September 10, 2007, challenging the judgments of the 22nd JDC for St. Tammany Parish in docket #334156 and #334157, as he does in C.A. No. 06-1421 and C.A. No. 07-5287. He alleges (1) ineffective assistance of counsel during his trial because the public defender did not call any doctors as witnesses regarding his insanity, and (2) a Batson violation because the court allowed the prosecutor to strike all potential African-American jurors from the jury. He also appears to complain about denial of a motion filed on August 6, 2007, in the 22nd JDC in #334156 and 334157, to vacate his sentence and give him the

---

[1]Docket number 334156 was a fourth offense DWI charge that arose out of a separate charge of DWI in Docket number 333759. Petitioner entered a plea of guilty in these cases on May 13, 2004. See Report & Recommendation in Civil Action 06-1421 "R" at pp. 4-5 for full procedural discussion.

plea agreement offered by the state. The district court denied the motion as untimely and repetitious. The procedural background presented in C.A. No. 06-1421 is applicable because all of these claims arise from the same set of facts, and were raised in that habeas petition. This petition should be dismissed with prejudice as repetitious and duplicative of the claims previously raised in C.A. No. 06-1421.

## II. Recommendation

It is **recommended** that Odis David Smith's petition for issuance of a Writ of Habeas Corpus, C.A. No. 07-5567, filed pursuant to Title 28 U.S.C. §2254 be **dismissed with prejudice** as repetitious and duplicative of his previous petition for issuance of a Writ of Habeas Corpus, C.A. No. 06-1421.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has

been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  18th  day of    February    , 2009.

_____
LOUIS MOORE, JR.
United States Magistrate Judge